## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL KILBRETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:22-CV-39 JAR |
| | ) |
| CARL HEFNER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Samuel Kilbreth

for leave to commence this civil action without prepayment of the required filing fee. [ECF No.

2]. Having reviewed the motion and the financial information submitted in support, the Court has

determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial

partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed

below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at Boonville Correctional Center, filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff names two defendants in this action: Sheriff Carl Hefner and Stoddard County Sheriff's Department.

In the section of the form complaint designated to provide his statement of claim, plaintiff writes:

> This has to do with conditions of confinement my civil rights being violated my medical rights being violated and how during Covid-19 they allowed inmates with this deadly virus be around inmates that did not have it. Putting people's lives in danger. They left people and myself in wings with people that had it was horrible. They did not quarantine people properly. In a 2 man cell they had 4 inmates 2 sleeping in the floor. It took them a week to get any kind of medical help to jail once people started getting sick. I ended up with Covid-19 and the mental anguish from worrying.

> For relief, plaintiff seeks $35 million dollars.

3

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Official Capacity Claims

Plaintiff explicitly indicates he is suing defendants in their official and individual capacities. Personal-capacity suits typically allege that a government official is individually liable for the deprivation of a federal right as a result of actions taken outside the scope of his official duties, but under color of law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Department are subject to dismissal because jails, local government detention centers, and sheriff's departments are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails

4

are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.,* 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole,* 306 F. App'x 333, 333 (8th Cir. 2009). As such, plaintiff's complaint fails to state a valid § 1983 claim as to Stoddard County Sheriff's Department and will be dismissed. Additionally, the claims against Carl Hefner in his official capacity, who is an employee of the Sheriff's Department, are also subject to dismissal.

Even if Stoddard County is substituted as Carl Hefner's employer, plaintiff's complaint still fails to state a claim. Unlike the Sheriff's Department, a local governing body such as Stoddard County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly,* 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that Stoddard County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in the complaint, and there are no allegations

5

regarding a pattern of similar constitutional violations by other Stoddard County employees. In fact, Stoddard County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claims

Plaintiff explicitly indicates he is bringing this action against defendant Carl Hefner in his individual capacity. Plaintiff, however, fails to explain how Carl Hefner is personally responsible for any of the alleged constitutional violations. Naming a defendant in the caption is not enough; plaintiff is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). A "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Although plaintiff alleges that he was exposed, and indeed contracted Covid-19 during his incarceration at Stoddard County Jail, he has not indicated that Carl Hefner was responsible for instituting the Coronavirus protocols instituted at the Stoddard County Jail. Plaintiff's failure to allege that defendant Hefner instituted and carried out the protocols at the Jail and that these protocols (or lack of protocols) caused him harm is fatal to his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** at this time without prejudice.

Dated this 25th day of August, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7